**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Carlos Delfin**,<br><br>                    Plaintiff,<br><br>v.<br><br>**Bodega Latina Corporation**, an Arizona Corporation,<br><br>                    Defendant. | No. _____<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Carlos Delfin ("Plaintiff"), sues the Defendant, Bodega Latina

Corporation, ("Defendant") and alleges as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for unpaid minimum wages, liquidated damages,

attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201, et seq.; and unpaid minimum wage under the Arizona Minimum Wage Act

("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8.

2.     The FLSA was enacted "to protect all covered workers from substandard

wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S.

728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a

-1-

minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).

3.      The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

### JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

### PARTIES

6.      At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendant.

7.      At all material times, Defendant Bodega Latina Corporation is a corporation duly licensed to transact business in the State of Arizona.  At all material

times, Defendant Bodega Latina Corporation does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

8.      At all relevant times, Defendant Bodega Latina Corporation owned and operated as "El Super," a chain of supermarkets operating in Arizona among other states.

9.      Under the FLSA, Defendant Bodega Latina Corporation is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Bodega Latina Corporation had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendant in relation to the company's employees, Defendant Bodega Latina Corporation is subject to liability under the FLSA.

10.      At all relevant times, Plaintiff was an "employee" of Defendant as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

11.      The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendant.

12.      At all relevant times, Defendant was and continues to be an "employer" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

13.      The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendant.

14.     At all relevant times, Plaintiff was an "employee" of Defendant as defined by A.R.S. § 23-362.

15.     At all relevant times, Defendant was and continues to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

16.     Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

17.     Plaintiff, in his work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

18.     At all relevant times, Plaintiff, in his work for Defendant, was engaged in commerce or the production of goods for commerce.

19.     At all relevant times, Plaintiff, in his work for Defendant, was engaged in interstate commerce.

20.     Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

21.     Defendant owns and/or operates as El Super, an enterprise headquartered in California, with locations in Arizona.

22.     Plaintiff was hired by Defendants on approximately April 17, 2020.

23.     At all relevant times, Plaintiff worked for Defendants through for two days and then was fired before coming in for his third day.

24.     At all relevant times, in his work for Defendants, Plaintiff worked as a bakery clerk.

-4-

25.    Upon information and belief, Defendants, in their sole discretion, agreed to pay Plaintiff an hourly rate of $12.00.

26.    Defendants classified Plaintiff as W-2 employee.

27.    Upon information and belief, During his employment with Defendant, Plaintiff worked approximately 12 – 16 hours.

28.    Defendant failed to compensate Plaintiff any wages whatsoever for the hours he spent working for Defendant.

29.    Therefore, Defendants paid Plaintiff no wages whatsoever for any of the hours he worked for Defendants during his employment.

30.    After the termination of his employment, Plaintiff contacted Defendant in an effort to receive his paycheck, but Plaintiff was never given a straight answer about being paid.

31.    Plaintiff was advised by Defendant to go to the location he worked at to pick up his check, but it was never at the store when he went to pick it up.

32.    Plaintiff went to the store multiple times to pick up his check but was told to come return a different day or to speak with the manager.

33.    When Plaintiff went to pick up his check he was told to speak with the manager, but the manager was never present at the store when he was there to pick up his check.

34.    As part of the onboarding process, Plaintiff provided Defendant with his mailing address, but he never received his paycheck from Defendant in the mail.

-5-

35.    To date, Defendant has paid no wages whatsoever to Plaintiff for such hours worked.

36.    As a result of not having paid any wage whatsoever to Plaintiff during his employment with Defendant, Defendant failed to pay the applicable minimum wage to Plaintiff.

37.    As a result of Defendant's willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant violated 29 U.S.C. § 206(a).

38.    As a result of Defendant's willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant violated the AMWA, A.R.S. § 23-363.

39.    Plaintiff was a non-exempt employee.

40.    Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff his paycheck would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA and the AMWA.

41.    Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

42.    Plaintiff is a covered employee within the meaning of the FLSA.

43.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

44.    Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal

-6-

amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

45.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE**

46.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

47.     As a result of not paying Plaintiff any wage whatsoever for any of the hours he worked during his employment, Defendant willfully failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

48.     Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

49.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Carlos Delfin, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendant:

-7-

A. For the Court to declare and find that the Defendant committed one of more of the following acts:

  i. Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

  ii. Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

50. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

51. As a result of not paying Plaintiff any wage whatsoever for the entirely of his employment, Defendant willfully failed or refused to pay Plaintiff the Arizona minimum wage.

-8-

52.    Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

53.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Carlos Delfin, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendant:

A.    For the Court to declare and find that the Defendant committed one of more of the following acts:

    i.    Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

    ii.    Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 31st day of March, 2022.

BENDAU & BENDAU PLLC

By: /s/ *Christopher J. Bendau*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

-10-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**<u>VERIFICATION</u>**

Plaintiff, Carlos Delfin, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof.  The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and believe, and, as to those matters, he believes them to be true.

Carlos (Apr 2, 2022 02:32 PDT)

Carlos Delfin

-11-